**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE
CARPENTERS ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,
PENSION and WELFARE FUNDS,                             **ADOPTION ORDER**
                                                        14-cv-324 (ADS)(ARL)
       Plaintiffs,

    -against-

CURTIS PARTITION CORP.,

       Defendant.
-----------------------------------------------------------X

**APPEARANCES:**

**Virginia & Ambinder, LLP**
*Attorneys for the Plaintiffs*
111 Broadway, Suite 1403
New York, NY 10006
    By: Richard B. Epstein, Esq.
        Elina Turetskaya, Esq., of counsel

**NO APPEARANCES:**

*The Defendant*

**SPATT, District Judge**.

    On January 15, 2014, the Plaintiffs Trustees of the Empire State Carpenters Annuity, Labor-Management Cooperation, Pension and Welfare Funds (collectively the "Funds") commenced this action against the Defendant Curtis Partition Corp. (the "Defendant") under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 1985; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm and enforce an arbitrator's award rendered pursuant to a collective bargaining agreement between the

1

Empire State Regional Council of Carpenters and The Association of Wall, Ceiling, and Carpentry Industry of New York.

On February 16, 2014, the Clerk of the Court noted the default of the Defendant.

On April 2, 2014, the Funds moved for a default judgment.

On April 5, 2014, the Court referred this matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On February 11, 2015, Judge Lindsay issued a Report recommending that the Funds' motion for a default judgment be denied with leave to renew. Judge Lindsay reached this recommendation in part because she could not infer a ground for the award of $4,141.26 in principal. Further, because there was no indication when the principal was paid, Judge Lindsay found that she could not assess whether there was a colorable justification for the interest award.

More than fourteen days have elapsed since service of the Report and Recommendation on the Funds, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 11, 2015, Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS)(SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015)(reviewing Report and Recommendation without objections for clear error). Accordingly, the February 11, 2015 Report and Recommendation is adopted in its entirety, and the Funds' motion for a default judgment is denied with leave to renew. The Funds may re-file their motion for a default judgment with supplemental documentation within 30 days of the date of this order.

**SO ORDERED.**
Dated: Central Islip, New York
February 26, 2015

                                                           *Arthur D. Spatt*
                                                       ARTHUR D. SPATT
                                                   United States District Judge